

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PETER JAMES DEFRANCISCO, | § | No. 08-12-00222-CR |
| Appellant, | § | Appeal from the |
| v. | § | 203rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| Appellee. | § | (TC# F-1172068-P) |
| | § | |

## O P I N I O N

Peter James Defrancisco appeals the trial court's judgment convicting him of indecency with a child by sexual contact. In his sole issue, Defrancisco contends that the trial judge violated his constitutional right to due process by refusing to consider all of the evidence in assessing his punishment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After judicially confessing to touching his nine-year-old step-granddaughter's genitals, Defrancisco pleaded guilty. At punishment, Defrancisco presented evidence in support of his argument that he should be given probation. In particular, Defrancisco proffered expert testimony that he was unlikely to offend again. The trial court was not swayed, however, and sentenced him to 15 years' imprisonment.

1

**DUE PROCESS RIGHT TO A NEUTRAL AND DETACHED MAGISTRATE**

Defrancisco argues the trial judge violated his right to due process in assessing his punishment because she refused to consider any of the mitigating evidence presented by him and, instead, imposed a predetermined sentence based solely on the aggravating evidence presented by the State. In other words, Defrancisco claims that he was denied his right to a fair and impartial judge at sentencing. We disagree.

### *Applicable Law*

Due process guarantees a criminal defendant the right to a hearing before a neutral and detached judge who will consider the full range of punishment and mitigating evidence. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex.Crim.App. 2006). A judge's arbitrary refusal to consider the entire range of punishment in a particular case or to consider mitigating evidence and, instead, impose a predetermined punishment violates due process. *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex.Crim.App. 2005)(per curiam). Absent a clear showing of such bias, we will presume that the judge was neutral and detached. *Brumit*, 206 S.W.3d at 645.

### *Discussion*

Defrancisco has failed to show that the trial judge refused to consider all of the evidence at sentencing and, instead, imposed a predetermined sentence. In support of his argument that the judge was not fair and impartial in assessing his sentence, Defrancisco points to two comments made by the judge.

Defrancisco asserts that the following comment made by the judge while Defrancisco's expert was being cross-examined shows that the judge failed to consider and weigh all the

evidence before assessing punishment:

> Okay. Let me just say at this point to move things along. The Court is not going to make its decision based on anything in this report.

Absent context, this comment seems to support Defrancisco's position on appeal. However, what Defrancisco fails to mention is what transpired before his expert testified. First and most notably, Defrancisco admitted not only that he had molested his step-granddaughter at least thirty times over the course of a year, but also that twenty-five years' earlier, he had molested his wife's niece, who was then a "little girl," for "quite a while." Second, before Defrancisco's expert took the stand, the trial judge informed the parties that she had "carefully" read his report twice. Given Defrancisco's admission that he had re-offended, it is understandable why the judge would voice her opinion that his expert's report would be of little or no value to her in making her decision. Contrary to Defrancisco's assertion, the trial judge's comment shows that she considered his expert's opinion, but found it unpersuasive.

Defrancisco also posits that the following statement made by the judge after she assessed his punishment "demonstrates that [she] had already decided not even to consider other relevant evidence presented:"

> And let me tell you why. Let me tell you why. All I can sit here and remember in the very beginning when that mother took the witness stand and said that her little girl came to her – and mind you, that this little girl was in about the third grade. The third grade, sir. That still, as far as I'm concerned, is close to being born. A little girl who trusted you. And the thing that she said to her mother was, I need to tell you something but I don't want you to be mad at me. What? That poor little girl lived in terror every time she came to your house. She told you not to touch her and you kept doing it. So, in this case, sir, all that I see is that you need to be punished for all of that.

As is evident, the judge's statement is her explanation to Defrancisco why imprisonment was the appropriate punishment in his case. Contrary to Defrancisco's assertion, the judge's statement

reflects that she considered all the *relevant* evidence—including Defrancisco's admission that he continued to molest his step-granddaughter despite her pleas that he stop—in assessing a sentence proportionate to the seriousness of his crime. Indeed, Defrancisco testified that given the seriousness of his crime, imprisonment was an appropriate punishment:

> I'll do anything to make this right or try to make it right. I know I can't make it right. I don't know. If need be, I'll go to prison if it takes that much.

That the judge chose to imprison Defrancisco rather than grant him probation does not establish that she imposed a predetermined sentence without regard to mitigating evidence. The judge was well within her right to imprison Defrancisco after listening to testimony that he molested his step-granddaughter and wife's niece repeatedly.

In sum, these two statements do not establish that the trial judge failed to consider all of the evidence nor that she imposed a predetermined sentence. Because these statements are insufficient to rebut the presumption of a neutral and detached magistrate, we conclude that the trial court did not violate Defrancisco's constitutional right to due process. Accordingly, we overrule Defrancisco's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.


September 27, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

4